IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN K. POWERS,                                 Civil No. 09-394-AA
                                                 OPINION AND ORDER
    Plaintiff,

  vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

David B. Lowry
9900 SW Greenburg Road
Columbia Business Center, Suite 235
Portland, Oregon 97223
    Attorney for plaintiff

Dwight Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Franco L. Becia
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant


1    - OPINION AND ORDER

AIKEN, Chief Judge:

Claimant, Susan Powers, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Act and for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed applications for SSI and DIB on February 11, 2005. Tr. 16, 73-75. She alleged disability beginning January 1, 1994 due to depression, anxiety, obesity, chronic diarrhea and foot damage due to a frostbite injury. Tr. 118. After plaintiff's claim was denied initially and upon reconsideration, an Administrative Law Judge (ALJ) hearing was conducted on November 20, 2007. Tr. 800-07. The ALJ agreed to schedule supplemental proceedings to allow time for updating the record. On April 21, 2008, the ALJ reconvened the hearing. On July 19, 2008, the ALJ issued a decision denying her application. Tr. 13-28. On March 13, 2009, the Appeals Council declined review, and plaintiff filed the lawsuit at bar. Tr. 6-9. Plaintiff's date last insured was September 30, 1999. Tr. 68.

## STATEMENT OF THE FACTS

Born in 1958, plaintiff was 35 years old on her alleged disability onset date of January 1, 1994. Tr. 16,18. She was considered a younger individual. 20 C.F.R. ¶ 404.1563(b).

2   - OPINION AND ORDER

Plaintiff has a ninth grade education and has past work as a bartender, convenient store clerk, cocktail waitress, and short-order cook. Tr. 26.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant

3   - OPINION AND ORDER

is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. <u>The ALJ's Findings</u>

At step one, the ALJ found that plaintiff had not engaged

4   - OPINION AND ORDER

in substantial gainful activity since her alleged disability onset date of January 1, 1994. Tr. 18, Finding 2.

At step two, the ALJ found that plaintiff had the following severe impairments: obesity, spondylosis; "gouty" arthropathy; and depressive disorder, not otherwise specified. Tr. 18, Finding 3.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 22, Finding 4.

The ALJ determined that plaintiff had a residual functional capacity to perform light work. Plaintiff is able to read, write, add and subtract simple numbers. She is right-handed and able to sit two hours at one time for a total of eight hours during a full-time eight-hour workday with normal breaks. She is able to stand and/or walk one hour at a time for a total of six hours during a full-time eight-hour workday. After standing or walking, she can sit either a few minutes or up to two hours before returning to walking or standing. She is able to lift and/or carry 20 pounds occasionally (i.e. up to one-third of the workday) and 10 pounds frequently (i.e. up to two-thirds of the workday). Due to obesity, she should avoid crouching, crawling, kneeling, squatting and climbing (e.g. ladders, scaffolds and ropes). She can occasionally stoop, bend and climb (e.g. stairs and ramps). She can push and pull within the pound limits identified above. She should avoid balancing and exposure to hazards (e.g. unprotected heights and machinery). She is limited to simple, routine and repetitive tasks. She should avoid contact with the general public and has mild (i.e. generally

functioning well) limits on her capacity to interact appropriately with co-workers and supervisors. She has moderate difficulty (i.e. limited, but functioning satisfactorily) responding appropriately to usual work situations, changes in work settings and concentration. Tr. 23-24, Finding 5.

At step four, the ALJ found that plaintiff was not able to perform her past relevant work. Tr. 26, Finding 6.

At step five, the ALJ found that, based on the above residual functional capacity, and the testimony of the vocational expert, plaintiff could perform work existing in significant numbers in the national economy; specifically noting the positions identified by the vocational expert: assembler - small products, cleaner/polisher - small products, and inspector. Tr. 27, Finding 10.

2. <u>Plaintiff's Allegations of Error</u>

<u>A. Opinion of Treating Physician Dr. Lynch</u>

Plaintiff alleges that the ALJ failed to adequately credit the disability opinion of treating physician Dr. Lynch without providing specific and legitimate reasons supported by substantial evidence.

If another doctor's opinion contradicts the treating doctor's opinion, as here, the Commissioner may reject this opinion for "specific and legitimate reasons." <u>Lester v. Chater</u>, 81 F.3d 830-31 (9th Cir. 1995). When there is conflicting evidence, the Commissioner must determine credibility and resolve the conflict. <u>Thomas v. Barnhart</u>, 278 F.3d 947,, 956 (9th Cir. 2002)(internal quotation omitted). In resolving questions of credibility and conflicting evidence, an ALJ's findings "must

6    - OPINION AND ORDER

be supported by specific, cogent reasons." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The trier of fact must resolve conflicts in the evidence and, if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).

The ALJ here met this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, and making specific findings on that conflicting evidence. Tr. 18-26. The ALJ specifically noted Dr. Lynch's opinion and gave it little weight. Tr. 21-22. In analyzing Dr. Lynch's opinion, the ALJ noted that Dr. Lynch failed to identify any specific functional limitations that precluded employment. Tr. 21, 561. As noted above, an ALJ may reject a medical opinion that is brief, conclusory and inadequately supported by clinical findings. Thomas, 278 F.3d at 957. Because Dr. Lynch's opinion failed to identify any specific findings or limitations to support his conclusion, the ALJ properly gave it little weight.

The ALJ also properly cited plaintiff's conservative treatment history to support her analysis of Dr. Lynch's disability opinion. Tr. 18-26. An ALJ may use a conservative treatment history for assessing credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). Finally, the ALJ also relied on plaintiff's ability to engage in numerous activities that contradicted Dr. Lynch's disability opinion. The

7   - OPINION AND ORDER

ALJ first relied on the fact that plaintiff engaged in work activity in 1994 and 1997. Tr. 19, 68-77. The ALJ also noted that plaintiff was able to perform several household chores such as cooking, vacuuming, cleaning, washing dishes, laundry, yard work (mowing the lawn, shoveling and hoeing), and grocery shopping. Tr. 119, 22-25. Plaintiff also reported hobbies including dancing, watching television, attending church weekly, spending time with friends, clam digging, and wrestling with her friends. Tr. 19, 22-25, 81-97, 101-08, 379-83, 407, 429, 439, 516, 722-40. The ALJ also noted that plaintiff was able to drive an automobile, and use public transportation to accomplish her errands and activities. Tr. 22-24. The ALJ noted that plaintiff was functionally independent regarding both personal hygiene and financial affairs. Tr. 23-25, 81-97, 101-08, 379-83, 407, 429, 439, 516, 722-40. Moreover, the ALJ found that Dr. Lynch relied on plaintiff's subjective complaints rather than objective evidence. Tr. 21. An ALJ may reject a medical opinion that is premised upon plaintiff's discredited subjective complaints or contradicted by plaintiff's daily activities. Morgan v. Commissioner, 169 F.3d 595, 601-02 (9th Cir. 1999). A physician's opinion that is premised on plaintiff's subjective complaints is given the same weight as plaintiff's testimony. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ found plaintiff not credible and plaintiff has not appealed that finding to this court.

I find no duty on the part of the ALJ to request a new or more detailed report from Dr. Lynch because the record contained Dr. Lynch's treatment notes. Tr. 538-61, 599-717. Agency

8   - OPINION AND ORDER

regulations do not require the ALJ to request reports in addition to these treatment notes.  See 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).  I find that substantial evidence supports the ALJ's assessment regarding plaintiff's limitations and therefore the ALJ properly evaluated the medical opinion of Dr. Lynch.

B. Lay Witness Testimony

Plaintiff alleges that the ALJ erred in discrediting the lay witness evidence from her friends and family.  An ALJ must provide germane reasons to reject lay witness testimony.  Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006).  Lay witness testimony regarding plaintiff's symptoms "is competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

The ALJ reviewed and evaluated the opinions from lay witnesses Ricky Edwards, Patricia Powers and Tamara Koger and did not give them significant weight.  Tr. 26.  In rejecting this evidence, the ALJ noted that the witnesses testimony and observations were not consistent with plaintiff's conservative treatment history and activities of daily living.  Tr. 18-26.  The ALJ also noted that despite plaintiff's numerous subjective complaints, the record supports the fact that she received only conservative and routine treatment.  Tr. 18-26, 368-76, 653, 667-69.  The ALJ noted that plaintiff had not been hospitalized for any significant period of time, her impairments responded well to medications and she had not engaged in any significant mental heath counseling or therapy.  Tr. 26.  The ALJ further rejected

9   - OPINION AND ORDER

the lay witnesses testimony due to their close personal relationships with plaintiff and possible lack of motivation to offer an objective functional assessment. Tr. 26. A valid germane reason for rejecting lay witness opinion is their "close relationship" to plaintiff. <u>Greger</u>, 464 F.3d at 972. I find the ALJ properly considered and rejected the lay witness testimony.

C. Residual Functional Capacity

Plaintiff alleges that the ALJ erred in her residual functional capacity ("RFC") finding arguing that it failed to properly account for all of plaintiff's limitations. I find the ALJ's RFC finding was appropriate and supported by substantial evidence. In assessing plaintiff's RFC, the ALJ must consider the entire record, and explain how she weighed the medical evidence and testimony. SSR 96-8p. I find that the ALJ satisfactorily considered all of the evidence of record to properly assess plaintiff's RFC. Tr. 18-26. Particularly, the medical evidence of record, including plaintiff's testimony, and the ALJ's lack of credibility finding. <u>Id.</u> As noted above, the ALJ set out a detailed and thorough summary of the facts and conflicting clinical evidence, including findings based on that evidence. Tr. 18-26. I do not find any credible limitations not already accounted for in the ALJ's RFC assessment. <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's RFC assessment was supported by the medical evidence in the record and is free of legal error.

D. ALJ's Step Five Finding

The plaintiff argues that the ALJ's step five finding is not supported by substantial evidence. I disagree and find that

10   - OPINION AND ORDER

the ALJ's step five finding is adequately supported by substantial evidence. The ALJ satisfied the burden of production on this issue through her reliance on the vocational expert's testimony. Tr. 27. See also, Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005)(vocational expert's "recognized expertise provides the necessary foundation.").

**CONCLUSION**

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed. IT IS SO ORDERED.

Dated this  28  day of July 2010.


                                          /s/ Ann Aiken
                                              Ann Aiken
                             United States District Judge

11   - OPINION AND ORDER